UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARNOLDO PRICILIO CHALU
QUINTEROS, A-234-776-020,

          Petitioner,

    v.

MARKWAYNE MULLIN, et al.,

          Respondents.

No.  1:26-cv-1979-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Arnoldo Pricilio Chalu Quinteros was detained by Immigrations and Customs Enforcement (ICE) and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent answered the petition. (ECF No. 8.) Petitioner did not file the optional reply and the time granted to do so expired. (See ECF No. 13.) The undersigned now recommends the petition be dismissed as moot because petitioner has received the full relief requested in the petition.

Petitioner is a citizen and native of Guatemala who entered the United States on an unknown date. (ECF No. 8-1 at 1.) Under the petition's allegations, petitioner has continuously resided in the United States for many years. (ECF No. 1 at 7.) On January 31, 2026, he was detained during an ICE surveillance operation. (Id. at 2; ECF No. 8-2 at 2-3.)

In the pending petition, petitioner asserted his detention was governed by 8 U.S.C. § 1226(a) and that subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violated

1

his statutory and constitutional rights. (ECF No. 1 at 8-11.) Petitioner requested release from custody, or, alternately, an individualized bond hearing before an immigration judge (IJ). (Id. at 7.)

On March 17, 2026, the district court judge assigned to this case ordered, by way of preliminary injunctive relief, that petitioner be provided an individualized bond hearing before an IJ within 10 days of the date of that order at which the government bore the burden of justifying petitioner's continued detention by clear and convincing evidence, or else that he be released from custody. (ECF No. 7.) Under respondent's evidence which petitioner does not dispute, petitioner was released from custody after he did not receive the court-ordered bond hearing within the allotted time. (ECF No. 11.) Since the full scope of relief sought in the petition in the form of release from custody has been received, the petition should be dismissed as moot. See Munoz v. Rowland, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (a petition for writ of habeas corpus is deemed moot when it no longer involves a live case or controversy and the court cannot provide the primary relief sought in the petition).

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Petitioner Arnoldo Pricilio Chalu Quinteros' (A-234-776-020) application for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed as moot.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////

/////

/////

/////

/////

objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 24, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 chal1979.mer

3